UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SUZANNE JAFFE STILLMAN,<br><br>                Plaintiff,<br><br>   v.<br><br>NOVARTIS CONSUMER HEALTH, INC., et al.,<br><br>                Defendants. | Case No. 2:11-CV-05603-RGK-CW<br><br>**STIPULATED [PROPOSED]**<br>**PROTECTIVE ORDER CONCERNING**<br>**CONFIDENTIAL INFORMATION**<br><br>*Note changes made by the Court* |

Based on the Parties' Joint Stipulation and for good cause appearing IT IS HEREBY STIPULATED AND ORDERED that:

**1.     Scope**

(a)     This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure or Local Rules, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

(b)     As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information in response to a subpoena or otherwise, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

(c)     Any Producing Party may designate Discovery Material as Confidential or Highly Confidential (collectively referred to as "Protected Material") in accordance with this Protective Order. The burden of establishing that Discovery Material qualifies as Confidential or Highly Confidential, as defined herein, shall remain at all times with the Producing Party. The designation of any Discovery Material as Confidential or Highly Confidential shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

## 2.     Confidential Information

The Producing Party may designate as "Confidential" any Discovery Material that the Producing Party in good faith represents not to be in the public domain and to contain any trade secrets within the meaning of the Uniform Trade Secrets Act or other confidential or proprietary information, including, without limitation, financial, strategic, research, development, manufacturing costs or other costs of doing business, technical, personal or commercial information, or any other information not normally revealed to third parties or, if revealed to third parties, is such that the Producing Party would require that the material be held in confidence. Any Discovery Material that a Producing Party is required, by agreement or court order, to treat as "Confidential" may be designated as "Confidential" in accordance with this Protective Order. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Discovery Material that has been designated Confidential shall also be treated, and shall hereinafter be referred to, as "Confidential."

## 3.     Highly Confidential Information

The Producing Party may designate as "Highly Confidential" any Discovery Material that the Producing Party in good faith believes not to be in the public domain and to reveal or reflect: (i) highly sensitive trade secrets, intellectual property, or proprietary technical information, including, without limitation, research information, design and technical documents and internal product specifications; (ii) highly sensitive business, financial or marketing information, including, without limitation, licenses, forecasts, identification of present or prospective

customers, focus group data from consumers, plans for future products and plans for making consumer benefit claims in the future including any plans for clinical trials and/or data obtained from such trials, suppliers, pricing data, cost data, customer orders, customer quotations and marketing plans; (iii) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; or (iv) such other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is entitled to extraordinary protection or is of such nature and character that the unauthorized disclosure of such information is likely to harm the competitive or economic position of the Producing Party or provide improper advantage to others. Any Discovery Material that a Producing Party is required, by agreement or court order, to treat as "Highly Confidential" may be designated as "Highly Confidential" in accordance with this Protective Order.

**4.     Designating Protected Material**

(a)     The Producing Party may designate Protected Material pursuant to this Order by placing the following legend or similar legend on the document or thing: "Confidential" or "Highly Confidential"; provided, however, that in the event that original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process.

(b)     If qualified information cannot be labeled, it shall be designated as Confidential or Highly Confidential in a manner to be agreed upon by the parties.

(c)     In the case of hearing and deposition transcript pages, the designating party may either designate portions of the testimony on the record, or advise opposing counsel of the specific pages to be maintained in confidence within thirty (30) days after the receipt of the final transcript from the court reporter, which period may be extended by agreement of the parties. During such thirty (30) day period, the entire transcript shall be deemed to be Highly Confidential.

**5.     Challenges to Designations**

(a) If any Party disagrees with the designation of any Discovery Material as Confidential or Highly Confidential, then the parties to the dispute, after providing notice to the Producing Party, shall attempt to resolve the dispute informally and in good faith before presenting the dispute to the Court, in accordance with C.D. Cal. L.R. 37-1. All such Discovery Material objected to shall continue to be treated as originally designated by the Producing Party, pending resolution of the dispute. If the dispute cannot be resolved informally, then the objecting Party may file an application with the Court seeking to have the confidential designation removed or altered, in accordance with C.D. Cal. L.R. 37-2. The Producing Party shall bear the burden of establishing that the Discovery Material is properly designated pursuant to the terms of this Protective Order. The Discovery Materials shall continue to be treated as originally designated by the Producing Party pending resolution of the dispute.

(b) A Party may challenge the Producing Party's designation of the material at any time and is not obligated to challenge the propriety of a designation when the Discovery Material initially is produced. Failure of any Party to challenge the claim of confidentiality with respect to any Discovery Material shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

**6.     Disclosure and Use of Discovery Material**

(a) All Discovery Material, including Discovery Material that has been designated or that reflects information that has been designated as Confidential or Highly Confidential, as defined above, shall be used only for the purpose of the preparation, prosecution, defense, appeal or settlement of this action, and for no other purpose, absent further Order of the Court.

(b) **Confidential Material.** Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as Confidential, or the contents thereof, may be disclosed by the Receiving Party only to the following persons:

> (i) <u>Outside Counsel.</u> Outside counsel of record as well as other attorneys under their supervision in the law firms of record and secretarial, stenographic, clerical, and paralegal employees to the extent necessary to assist such outside counsel in the

Page | 4

PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION
Case No. 2:11-CV-05603-RGK-CW

28656324_2

conduct of this litigation;

(ii) <u>Designated In-House Counsel or Individual Litigants.</u> Subject to the conditions set forth in Paragraph 7, each party may designate one (l) in-house counsel who has responsibility for this lawsuit, or , if a party is an individual, and that individual has responsibility for the lawsuit, that individual may have access to Confidential Discovery Materials;

(iii) <u>Experts (Testifying, Non-Testifying, or Consultant).</u> Subject to the conditions set forth in Paragraph 7, outside experts or outside consultants, including their administrative and clerical staff, retained by the Parties for purposes of the above-captioned litigation;

(iv) <u>Litigation Vendors.</u> Outside photocopy, imaging, database, graphics, translation, design, and trial consulting services retained by outside counsel to the extent necessary to assist such counsel in the above captioned litigation;

(v) <u>Court reporters.</u> Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition or trial;

(vi) <u>Court Personnel.</u> Officers of this Court (including the jury) and their supporting personnel, or officers of any appellate court to which any appeal may be taken or in which review is sought and their supporting personnel, and any mediators and/or arbitrators to whom this matter may be referred; and

(vii) <u>Drafters, Recipients, and Employees of Producing Party.</u>  Any person who (a) was an author or actual and authorized recipient of the Protected Material, and/or (b) is currently employed by the Producing Party.

(c) **<u>Highly Confidential Material.</u>** Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "Highly Confidential," or the contents thereof, may be disclosed by the Receiving Party only to the persons identified in Paragraph 6(b)(i) and 6(b)(iii)-(vii) above.

(d)     The recipient of any Protected Material shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**7.     Notice and Undertaking.**

(a)     If a Receiving Party wishes to disclose Protected Material to an in-house counsel, or individual litigant, pursuant to Paragraph 6(b)(ii) above, such Receiving Party must first provide notice to the Producing Party by serving a copy of the attached undertaking that has been signed by the person to whom the Receiving Party wishes to disclose Protected Material.

(b)     If a Receiving Party wishes to disclose Protected Material to any expert or consultant pursuant to Paragraph 6(b)(iii), such Receiving Party must first provide notice to the Producing Party by serving a copy of the attached undertaking that has been signed by the person to whom the Receiving Party wishes to disclose Protected Material.  Notice to the Producing Party must include the following information: (i) the name, address and title of the proposed expert or consultant; (ii) any current or former professional relationship(s) with any of the Parties, any known competitor of the Parties, any Person or entity involved in the health, water or vitamin supplement industry, or any affiliate of any of the foregoing Persons or entities, (iii) a curriculum vitae showing education, employment/consulting history and a list of publications authored during the past ten (10) years; and (iv) a summary of the proposed expert or consultant's testifying experience during the past four (4) years.  To the extent that the specific identification of an expert or consultant's client cannot be provided due to a confidentiality agreement, or otherwise, the Party seeking to make the disclosure must provide sufficient disclosure so that the Producing Party can reasonably assess any concerns regarding the disclosure of such information to such expert or consultant.

(c)     The Producing Party shall have seven (7) calendar days after receiving the notice required by Paragraph 7(b) to object to the disclosure of the Protected Material to the person(s) identified.  Any objection shall be made in good faith, stating with particularity the reasons for

the objection, and must be served in writing on the Receiving Party. Failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the Protected Material of the Producing Party. Should the parties be unable to resolve the objection, then the party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the Protected Material. Failure to raise this matter with the Court within ten (10) business days after service of the objection shall be deemed approval, and the person(s) shall thereafter be qualified to have access to Protected Material.

**8.     Deposition Procedures**

(a)     At any deposition, when counsel for a Party or the deponent deems that a question or the answer to a question will result in the disclosure of Protected Material, counsel shall have the option, in addition to any other steps available under the Federal Rules of Civil Procedure, to request that all persons not authorized to have access to the appropriate category of information leave the deposition room during that portion of the deposition. The failure of such other persons to comply with such requests shall constitute good cause to continue the proceedings without the presence of any person not authorized pursuant to an Order to receive Protected Material.

(b)     Any deposition testimony concerning Protected Material produced by a non-party will be marked by the court reporter as Confidential or Highly Confidential on the deposition transcript.

**9.     Filing of Material Designated Under This Order**

Any party filing with the Court any Protected Material ("Filing Party") shall simultaneously file a Motion to Seal such material to prevent public disclosure in accordance with the procedures set forth in C.D. Cal. L.R. 79-5.1; provided however, (a) the burden of proving to the Court that such material should be sealed shall at all times remain with the party that initially disclosed the material and that designated the subject material as Protected Material under the terms of this Order ("Designating Party"), (b) if the Filing Party is not the Designating

Page | 7

Party and is unaware of the specific basis for the Designating Party having designated the subject material as Protected Material, then the Filing Party nonetheless is obligated to make a reasonable effort when filing the subject material to seal such material. In the event the Filing Party takes exception to any designation of the subject material by the Designating Party, then the Filing Party shall seek relief from such designation pursuant to the procedures set forth in this Order.

**10.   Use of Protected Material In Courtroom Proceedings shall be subject to order of the presiding court.**

~~Any hearing or other proceeding that refers to or describes either Confidential or Highly Confidential information may, in the Court's discretion, be held in camera, out of the presence of all unqualified persons, and any transcript or portion thereof relating thereto shall, subject to the Court's approval, be designated as Confidential or Highly Confidential and sealed. The Producing Party may request that the proceeding be conducted in camera. Notwithstanding the designations given to Confidential or Highly Confidential material, any Court hearing or other Court proceeding which refers to or describes Confidential or Highly Confidential material may, in the Court's discretion, be held in open court without affecting the confidentiality of such information, and any sealed records referenced or described in such hearing or proceeding shall remain sealed.~~

**11.   Unauthorized Disclosure and Use of Protected Material**

(a)   If Protected Material is disclosed to any person other than in the manner authorized by this Protected Order (an "Unauthorized Person"), the Receiving Party, and any party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, an identification of the Protected Material disclosed and the Unauthorized Persons to whom the disclosure was made.

(b)   The Receiving Party promptly shall take all reasonable measures to recover the material disclosed without authorization and to ensure that no further or greater unauthorized

disclosure or use of such information or materials is made by doing the following, without limitation: (i) promptly informing the Unauthorized Person that the material contains Confidential or Highly Confidential information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as Exhibit A (to be promptly provided to the Producing Party); and (iii) retrieving all copies of Confidential or Highly Confidential information disclosed to the Unauthorized Person.  The Producing Party and party that disclosed the Protected Material shall cooperate in good faith in this effort.

## 12.  Inadvertent or Unintentional Production of Protected Material

In the event that a Producing Party inadvertently or unintentionally fails to mark qualified Discovery Material as Confidential or Highly Confidential, the Producing Party shall, promptly upon discovery of the failure, notify the Receiving Party and take the following corrective action:

(a) The Producing Party promptly shall notify all persons who have received the Protected Material that the materials are designated Confidential or Highly Confidential and must be treated as designated in this Order;

(b) The Producing Party shall take all reasonable steps to place the applicable Confidential or Highly Confidential on the Protected Material; and

(c) The Receiving Party shall treat all copies of the newly designated materials (regardless of the designations they formerly bore) as set out in this Order.

## 13.  Inadvertent Production of Privileged Material

The inadvertent production of documents that are subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure will not waive the privilege or protection from disclosure.  In addition, the Parties agree that if documents subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection from disclosure are included in documents made available for inspection, such disclosure shall not be considered a waiver of the privilege or protection from disclosure.    In the event of the inadvertent production of material

claimed as privileged by the Producing Party, Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall govern any proceedings arising from such inadvertent production. Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege claim by submitting a written challenge to the Court.

**14.    Efforts by Non-Parties to Obtain Protected Material**

If any Party (i) is subpoenaed in another action, (ii) is served with a demand in another action to which it is a party, or (iii) is served with any other legal process by one not a party to this litigation (the "Subpoenaed Party"), seeking Protected Material under this Protective Order, then the Subpoenaed Party shall transmit a copy of such subpoena, demand, or legal process within five (5) business days of receipt of such subpoena, demand or legal process, to the Producing Party that produced the Discovery Material and shall reasonably cooperate with the Producing Party in maintaining the status of the information, pursuant to the terms of this Order.

**15.    Procedures Upon Termination of Litigation**

The provisions of this Order shall survive the termination of this litigation. Within sixty (60) calendar days after the conclusion in its entirety of this litigation, after all appeals periods have expired or execution of a settlement agreement finally disposing of the action ("Termination of the Litigation"), all parties to whom Protected Material was disclosed shall return to counsel for the Producing Party such material as was originally produced, or destroy such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person, and shall certify their compliance with this provision. Provided, however, that outside counsel may maintain one archival copy of all correspondence, pleadings, and other documents, including deposition transcripts, exhibits, or papers filed with the Court, solely for the purpose of preserving a file on this litigation; such retained material shall remain governed by this Protective Order and may be disclosed only to those persons listed in section 6(b)(i). Subject to this exception, outside counsel shall certify to counsel for the producing party the return or destruction of all additional copies of Protected Material in their possession, custody, or control.

**16.    Modifications to Protective Order**

Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Protective Order, and, by its agreement to this Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party.

**17.    Miscellaneous Provisions**

(a)    This Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

(b)    The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

(c)    The entry of this Protective Order shall not be construed as a waiver of any right to reveal or disclose to anyone a Producing Party's own documents or information designated by it as Protected Materials.

(d)    All notices required by any paragraphs of this Protective Order are to be made by email to counsel representing the noticed party.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party.  Unless otherwise noted, all specified time periods are in calendar days.

(e)    Nothing in this Protective Order shall bar or otherwise restrict counsel, who is a qualified recipient under the terms of this Protective Order, from rendering advice to his or her client with respect to the above-captioned litigation, and in the course thereof, from generally

relying upon his or her examination of Protected Material. In rendering such advice or in otherwise communicating with the client, counsel shall not disclose the specific content of any Protected Material where such disclosure would not otherwise be permitted under the terms of this Protective Order.

  (f) Each individual who receives Protected Material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

  (g) The Parties further agree that the United States District Court for the Central District of California shall retain jurisdiction of this matter so as to resolve any dispute arising in connection with this Order, whether before or after the termination of this action.

February 16, 2012

                 */s/*
                CARLA M. WOEHRLE
                United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SUZANNE JAFFE STILLMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>NOVARTIS CONSUMER HEALTH, INC., et al.,<br><br>    Defendants. | Case No. 2:11-CV-05603-RGK-CW |

## UNDERTAKING TO ABIDE BY PROTECTIVE ORDER

I, _____, declare that my address is _____.

My current employer is _____.

My current occupation is _____.

1.    I have received a copy of the Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order. I am being designated under the Protective Order as an Individual Litigant, In-House Counsel, In-House Employee, Expert or Consultant [CIRCLE ONE]. I understand that if I am designated as an Individual Litigant, In-House Counsel, or In-House Employee, I am not permitted access of any kind to documents or materials designated "Highly Confidential".

Page | 13

PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION
Case No. 2:11-CV-05603-RGK-CW

28656324_2

2. I understand that any copies of documents or other materials designated as "Confidential" or "Highly Confidential" that I receive pursuant to the Order must be retained in a safe and secure place with limited access thereto. All such documents and materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. Upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such documents or materials, or containing any confidentially-designated information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

3. I agree to notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Protective Order.

4. I will comply with all of the provisions of the Protective Order and understand that a violation of the Protective Order or this Undertaking could result in sanctions against me. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information marked Confidential or Highly Confidential that is disclosed to me.

5. I hereby submit to the jurisdiction of this Court (the United States District Court for the Central District of California) for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____

Page | 14

PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION
Case No. 2:11-CV-05603-RGK-CW

28656324_2